Thank you, your honor. May it please the court. I'm Rick Pope. I'm here representing Adair Homes. This is an insurance dispute, a liability insurance dispute over primarily the duty to defend an underlying lawsuit alleging property damage and personal injury in the construction of a residential home. The insurance company here moved for summary judgment on all both aspects of coverage, the coverage for duty to defend, and the coverage for the duty to indemnify or pay any resulting judgment or settlement, and in the process muddled the difference between two very distinct types of coverage. That muddling caused the judge below to muddle the two very distinct types of coverage and make a holding that is completely at odds with Washington law on the duty to defend, which is what the law that applies here. And the insurance company has talked about coverage, coverage, coverage, and the issue arises on summary judgment. Under the normal rules, if there is a disputed issue of material fact, the opposing party must come forward with some evidence. That rule doesn't apply in the duty to defend situation under Washington law. It would apply on the duty to indemnify because there the issue is what actually happened and what is actually covered. But in the duty to defend, it's based entirely on what the Fifth Circuit's citing Texas law in the JHP development case we cited, called the Eight Corners Rule. You look at the four corners of the insurance policy, you look at the four corners of what's alleged in the complaint, because it's not ruled out by our own version of a differential diagnosis, I suppose. And if there's a potential for evidence coming in under the allegations of the complaint, that if it did, could give rise to coverage under the insurance policy, there's a duty to defend. And they're approached cautiously and deliberately impose these broad rules on the duty to defend in order to require an insurance company to defend their policy holder in many situations where ultimately there may not be any duty to defend. The Washington law in that respect is very standard. So let's get down to brass tacks. What is it that's the underlying cause of action, and what's the policy say? The underlying cause of action is, I'll shorthand it, as negligent construction of a home. The complaint, and then under Washington law, there's violations of Consumer Protection Act that's alleged, and product liability that can be alleged. But the basic allegation is Adair Homes, through its subcontractor, a framing subcontractor, improperly supplied flashing and improperly installed windows, and there's improper siding, which caused water penetration into the home, which damaged personal property in the home, and which damaged portions of the structure, which, and that's water intrusion, which led to the growth of mold. Now, in terms of the timing as to when the damage occurred, that is to say when the water comes in, am I right in understanding that the allegation is that the timing of the water coming in is after the completion of the home? No. The allegation is unstated, which is important to this case. When the allegation is unstated, there's an ambiguity as to when the damage is alleged to have occurred. And when there's an ambiguity in the complaint, the cases say you construe all ambiguities in favor of coverage, in favor of the duty to defend. When you say allegation, you mean the allegation in the complaint? Yes. That's correct. It's unstated as to the time of? Exactly correct, Your Honor. And that's in our excerpt of record. I can find it for you. I'll find it unrebuttled, but it's pages two and three of the complaint, and it simply says that there's been water intrusion and there's been damage to personal property in the home, which is an important consideration for this case, and damage to the structure in the home. I'm just looking for the excerpt. Oh, here it is. Excerpt of record four and five. Particularly five. Oh, I'm sorry. That's my mistake. That's the wrong place. I've got pages one and two of the complaint at the very end of the initial excerpt of record. I'm having trouble finding the full complaint. Well, Your Honor, I'll get it back to you. I'm absolutely positive that this is correct. There's no statement of time as to when this damage occurred, and that's agreed to by the judge's opinion below. And on the motion for reconsideration, the judge said Adair, on the duty to defend issue, had to come forward with evidence saying when the damage occurred in order to defeat the summary judgment. That would be true for the duty to defend. It's Hornbook law. And there's some states that would require the policyholder to come forward with evidence in summary judgment on the duty to defend, but that's a matter for state law. And Washington is not one of those states. Washington, in the truck insurance exchange case in particular, makes the point that the only time you can look at what the actual facts are when you're assessing a duty to defend is if you're using those facts to find coverage for the policyholder. And you can never look at facts outside the complaint to deny the duty to defend owed to the policyholder. What did the judge do here? Looked outside the complaint? Yes, he did. He said, well, he said it's up to Adair to come forward with facts to show us that this property damage occurred during the course of construction. Because I think we all agree that there's an occurrence that's been alleged under this liability policy. And so the only question is, is there an exclusion that otherwise then prevents coverage? And is the suit for recovery of damages arising out of harmed personal property? Both being what? Personal property. Personal property, damage to the structure, and personal injury. So we have to look at different exclusions that apply. You know, it sure would be helpful if I had the full complaint here. Well, I apologize, Your Honor. I'm surprised it's not here. And it may be in the supplemental excerpt of record. So, counsel, does your same argument, do you make the same argument when the insurance company files a declaratory relief action? Are you still saying that the court cannot look at anything other than the complaint if the context is a declaratory relief? Absolutely. That's where these typically arise. Under Washington law, the duty to defend is so strongly imposed that the Washington courts require an insurance company to start defending and then bring a declaratory judgment action saying they have no duty to defend. In the meantime, defending. And if they don't do that, they run the risk of a bad faith award. And the most recent case imposing that is Wu versus Fireman's Fund in 2007, which really gives you a good idea about how seriously the Washington Supreme Court takes the duty to defend. Well, what do you make of the language in Truck Insurance Exchange that says an insurer may not rely on facts extrinsic to the complaint in order to deny its duty to defend, whereas here the complaint can be interpreted as triggering the duty to defend if in doubt it may file a declaratory action. What is the court saying in that language then? What they're saying is the insurance company has to defend if there's any question at all. Just looking at the complaint. Just looking at the complaint. So what does that language mean if in doubt it may file a declaratory action? If they think they don't have a duty. Right. Then they can file a declaratory judgment action. And then you're not limited to the complaint at that point. No, you are. You still are. I don't read that language that same way because that language would not be needed if you still were just looking to the complaint. No, the question is the insurance company may think we don't have to defend this claim, but they may be wrong. So they have to present it to the court, and they have to get a court ruling. It doesn't say that the court is limited to the complaint in making that ruling. Every Washington case says that. What Washington case says in a declaratory relief action the court is limited to looking at the complaint? All of the cases that- Give me your strongest case that says in a declaratory relief action determining the duty to defend, the court is limited to looking at the complaint to determine that. I think, Your Honor, the most recent one- Is that your strongest one? I think it's strong in many of them. Okay. I want you to give me specific language saying that the court is limited to looking at the complaint when ruling on a declaratory relief action. The truck insurance exchange case. That's the case I'm reading from. So where in that case does it say, the court is limited to looking at the four corners of the complaint when making that ruling? Well, Your Honor, let me find the reference in my- Don't use your time here. You can do it on rebuttal. If you don't have it at your fingertips. Okay. I mean, I'm reading from the same- earlier in the same paragraph that Judge Rollinson just read to you from the truck exchange case. It's on page 282 of the Reporter- 58 Pacific Reporter, 3rd, 282. There are two exceptions to the rule that the duty to defend must be determined only from the complaint. Both exceptions favor the insured. Facts outside the complaint may be considered if the allegations are in conflict with facts known to or rhetorically ascertainable by the insurer or the allegations of the complaint are ambiguous or inadequate. That's the precise language I quoted in our reply brief, which I'm trying to find. And there's any number of cases, this Court's decision in Baugh construction- But your argument was that the court is limited to the four corners of the complaint in a declaratory relief act. In the duty to defend. Not the duty to indemnify. Then it can go outside and determine what actually happened. And I quote, Baugh construction, this Court's decision in Baugh construction, 836 F. 2nd at 1168. Quote, we note that many of Lloyd's and Holland's arguments, based on evidence and facts eventually proven to exclude coverage, are irrelevant to the issue of whether the complaint alleged facts sufficient for potential liability. American Best Food is the Washington Supreme Court in 2010. 168 Washington 2nd at 405. If there is any reasonable interpretation of the facts or the law that could result in coverage, the insurer must defend. But you're not answering the question. The question is whether or not the court may consider evidence outside the four corners of the complaint. That's the question. Okay, and the answer is under Washington law, they may do so only if considering that evidence would find a duty to defend. And they may not consider it to take away the duty to defend. And that's truck insurance. I don't see that language. Well, Your Honor, I'm going to find... Woo v. Fireman's Fund, 161 Washington 2nd, 43. This is page 3 of our reply brief. There are two exceptions to the rule that the duty to defend must be determined only from the complaint. I'm sorry. I can't interrupt you. I've got the Pacific Reporter. Do you have a Pacific Reporter site? Because I've got Woo right here in front of me. 164 P. 3rd, 454 at page 459. 459, that's what I need. Okay, now where are you? Just a second. Let me get there. Okay. There are two exceptions to the rule that the duty to defend must be determined only from the complaint, and both the exceptions favor the insured. They quote truck insurance. That is to say they do not favor the insurance company. Correct. That is to say they favor someone who says you have a duty to defend. Correct. Then they say, first, if it is not clear from the face of the complaint that the policy provides coverage but coverage could exist, the insurer must investigate and give the insured the benefit of the doubt that the insurer has a duty to defend. Notice pleading rules, which require only a short and plain statement of the claim, showing that the pleader is entitled to relief, impose a significant burden on the insurer to determine if there are any facts in the pleadings that could conceivably give rise to a duty to defend. Second, if the allegations in the complaint conflict with facts known or readily ascertainable by the insurer, or if the allegations are ambiguous or inadequate, facts outside the complaint may be considered, citing cases. The insurer may not rely on facts extrinsic to the complaint to deny the duty to defend. It may do so only to trigger the duty. So it's a one-way ratchet for looking at outside facts only in favor of coverage. And that's because the Washington Supreme Court wants insurance companies to defend, even if they may not ultimately have to pay the judgment. And that's in Kuchan Insurance, which we cite in our reply brief as well. But that's when the insurer is making the determination. If a declaratory relief action is filed, the insurer is no longer making the determination. The court is making the determination. So that's talking about when the insurer is independently making the determination on the duty to defend. This does not address the situation where a court is considering the case. All these rules apply to Washington courts in determining whether a duty to defend exists. It's the same law, the courts follow the same law that the insurance companies must follow. It's the same law for everybody. The policyholder has to follow the law. We all have to follow this law. These are the rules for determining the duty to defend. Well, but I'm just saying, I see a distinction between when the insurance company is making the decision and when you're in court and the court is making the decision. The normal rules of civil procedure apply when you have a court action. The reason it doesn't apply here, Your Honor, is this is a pure question of law. The duty to defend is a pure question of law. You're looking at a contract, the insurance policy, and you're determining could there be coverage under this contract. That's a pure question of law. You're looking at the allegations. It's just that summary judgment is to make rulings on questions of law. Correct. That's the problem I'm having with your argument. If the court is looking at questions of law, that doesn't mean it's limited to the complaint. And I understand your argument. I just don't read the cases the same way that you do. Why don't we hear from the other side, and then we'll give you a chance to respond. Thank you, Your Honor. May it please the Court, Irene Hecht, I represent Canal Indemnity Company. Our position is essentially that because there was no coverage as a matter of law under our policies for the claim asserted against Adair Homes by Pearsons, that the court properly granted our motion for summary judgment and ruled there was no duty to defend or indemnify. Let me ask you this. Under your construction of the policy, if water damage had occurred during the course of construction, would that be covered under your policy? No. Because? Exclusions J-5 and J-6, which are called the ongoing operations exclusions, exclude coverage to the property that occurs during the course of construction. And those two exclusions would apply to exclude that. So when does coverage apply? In this particular policy, there is no coverage for damage to the home, because the ongoing operations exclusions, J-5 and J-6, exclude any damage to the home that occurred during the course of construction. And in this particular case, Adair Homes chose not to purchase completed operations coverage. There was a products completed operations hazard exclusion that was added to the policy by endorsement that excludes any coverage for damage, either bodily injury or property damage, that occurs after the work is completed. That is coverage that can be purchased, but it was not purchased in this case. What did Adair Homes actually purchase? What coverage was actually purchased? They would have coverage for injuries or accidents that occurred during the course of construction that involved something other than their work. So if a third person came onto the job site and was injured. If an inspector came on the job site to inspect the housing. Right, right. Or if there was a property of somebody else, not their work product, not the house, but other property that was damaged. If a being fell on a truck of somebody that was parked nearby or something like that. Right. If there was equipment or something on the property that was not, you know, didn't belong to Adair Homes and that was damaged by their actions, they would have coverage for that. But this particular policy, because of their decision not to purchase completed operations coverage, there's no coverage for either bodily injury or property damage that occurs after the work is completed and the two ongoing operations, or what they call the business risk exclusions, J5 and J6, would exclude coverage for any damage to the house itself, their work that occurred during the course of construction. And that, in combination with the mold exclusion, those were the three exclusions that Judge Settle relied on in coming to the conclusion that there was no coverage here as a matter of law. And I'd like to address the court's concerns about this issue of the duty to defend and this concept that we can only look to the allegations of the complaint in determining the duty to defend. The reality is that that is not what Washington law provides. Initially, when a carrier is faced, the duty to defend arises when the complaint is filed. And at that point, the carrier has to make a decision whether or not they're going to provide a defense. And in doing so, they look to the four corners of the complaint. And if the complaint alleges facts which, if proven true, fall within the scope of the coverage, then the carrier provides a defense. But that doesn't mean that the duty to defend is forever and only determined based on the allegations of the complaint. The Washington courts have established a procedure for insurers to follow, and it started in the truck insurance versus Vanport Homes case, where they said that you should provide a defense under a reservation of rights if you have any issues with respect to your duty to defend or coverage. That's what happened here. Right, exactly. We provided a defense under a reservation of rights and filed a declaratory judgment action. And I think it's important to remember that the orders that are up on appeal before the court was, we made a motion, Canal Indemnity made a motion seeking a ruling as a matter of law on coverage. And the court held that there was no coverage as a matter of law for the claims being made by the Pearsons against Adair Homes. And as a result of that, concluded that there was no duty to defend or to indemnify. In effect, the court relieved us of the duty to defend in granting our motion for summary judgment. And that procedure is clearly envisioned by Washington law. There's a number of cases where the court has suggested that that's the appropriate procedure. The first one is the truck insurance case, which you were already discussing previously with opposing counsel. But what the court said is that... What page are you on? It would be page... Let me find the right specific citation here. It's like 282. The court talks about the... Well, actually it starts at the bottom of page 281. It says the duty arises... To defend arises at the time an action is first brought and is based on the potential for liability. The duty to defend arises when the complaint against the insured, construed liberally, alleges facts which, if proven, impose liability upon the insured within the policy's coverage. It says only if the alleged claim is clearly not covered by the policy is the insurer relieved of its duty to defend. And then it goes on to say if it's ambiguous, it will be liberally construed in favor of triggering the duty. But it also goes on to say that at lower on the page, once the duty to defend attaches, insurers may not desert policyholders and allow them to incur substantial legal costs while waiting for an indemnity determination. If the insurer is unsure of its obligation to defend, in a given instance it may defend under a reservation of rights while seeking a declaratory judgment that it has no duty to defend. And that is precisely what we did in this case. Yeah, I understand that. But the question is what happens once the declaratory judgment action is brought the way Judge Settle interprets Washington law. He puts the obligation on a dare to come forward with proof at this stage. And as I read the Truck Exchange case and then more clearly the Wu case, the language we were just pointed to, it sounds as though both of those exceptions to And I don't see that Judge Settle followed that. Judge Settle says, listen, I'm putting the burden on a dare, not on the insurer. And if a dare can't come forward with evidence at this stage that the damage took place afterwards, I'm going to hold against a dare. That does not seem to me in accordance with Wu. How do you square that? I think that that discussion that you're focusing on is a discussion of what an insurer's obligations are when the complaint is initially filed. Those obligations don't apply in the context of a declaratory judgment action. And I think that both the Truck case and I think the case that actually discusses this in more detail is the Washington State Supreme Court decision on this issue. Look at page 696 of the Pacific Reporter. The court there talks about the duty to defend. What page are you? At 696, I believe. And it says that, again, the duty to defend arises when a complaint against the insured construed liberally alleges facts which it could, if proven, impose liability upon the insured within the policy's coverage. An insurer may not put its own interests ahead of its insured. To that end, it must defend until it is clear that the claim is not covered. The entitlement to a defense may prove to be of greater benefit to the insured than the indemnity. So when do you get to the language that helps you? Well, it's saying that we have to defend until it's clear that the claim is not covered. And then if you go down to the next paragraph, it says, when the facts or the law alleging coverage is disputed, the insurer may defend under a reservation of rights until coverage is settled in a declaratory action. And that is precisely what we've done here.  You say there that all of the benefits go to the insured. It's a regular court case. At that point, all the rules apply, and the court makes the determination at that point. Exactly. And the other portion. And where in it does the, how do, I got it so far, but what Judge Settle said was it was not your burden, but rather their burden to come forward with facts supporting coverage. Why isn't it your burden? You're bringing the declaratory judgment action. It was our burden. We did come forward. We did come forward with facts establishing that the damages that were being claimed were damages that occurred after the construction was completed, and therefore the products completed operations hazard exclusion applied. In response to that, Adair Holmes said, oh, well, yeah, but in theory there could have been some personal property of the persons in the house that was stored there while the house was still under construction, and, you know, could have gotten damaged, and that would potentially be covered. And so what Judge Settle said was, well, wait a minute. At this point, we're at summary judgment, and I'm making a determination about coverage. You can't rely on the vague allegations of the complaint. You have to come forward with some actual evidence that those facts exist. Okay. So you're saying that once you bring a declaratory judgment action, we're no longer confined to the complaint, and all these statements that we see in truck exchange and in Woo are confined to the situation where you don't have a declaratory judgment action where the facts have been put at issue. Right. And the other part of the other thing that I think supports that position in Vanport is if you look at page 283 of the Vanport decision, the court is talking about, it says, you know, we'll briefly review truck insurance policy's contentions in the context of its duty to defend. So they're talking about truck had taken the position that there was no coverage because certain exclusions excluded coverage. And in discussing one of those exclusions at page 283, the impaired property exclusion, the court said, in short, the applicability of this exclusion requires looking beyond the complaint and examining the acts. Which truck insurance could have done under a reservation of rights defense and timely declaratory judgment action, but did not do? What case is that, Vandeport? That's Vandeport. It's at page 283 of the Pacific Third Reporter. I must be, how are you spelling that, the case? Vandeport. It's actually, the full name of the case is Truck Insurance Exchange versus Vanport Homes, Inc. Oh, that's the same one we were looking at. It's the one you were looking at, yeah. So you're saying that within the declaratory relief action, Judge Settle first required that it had no duty to defend in the case, and then finding that there was, that you'd come forward, that your client came forward with evidence, then Adair had to rebut that, is that correct? Right. I mean, the evidence that we came forward with was evidence from the underlying case. There was evidence from the underlying, basically in the Pearsons lawsuit against Adair Homes, they had filed cross motions for summary judgment. So there were declarations, and those declarations contained information as to what the damages being claimed were and what had happened. And obviously all that is outside the four corners of the complaint. It is outside the four corners of the complaint, but it's undisputed that in this particular case, the Pearsons didn't report any property damage until after January of 2003, which falls within the products completed operations hazard exclusion. And so it was clear from the undisputed information in the record that there was no coverage as a matter of law. Okay. You just went over by 26 seconds, but we will make you a gift of that time. Thank you. Would you like two minutes to respond? Yes. What's my time, Your Honor? How about two minutes? Thank you. If you're saying something interesting, we'll let you keep talking. Thank you. The underlying complaint is an excerpt of Record 32, and I apologize for not being able to put my fingers on it immediately. Paragraphs 7 and 8 are the allegations that don't state the time in which this damage is alleged to have occurred. So does that help you or hurt you? Helps. Can I finish my question? Oh, I'm sorry. Yes. Does that hurt you or help you in the context of a summary judgment motion in a declaratory judgment action? Helps. Why? Baugh Construction v. Mission Insurance, this court, 9th Circuit, 1988, interpreting Washington law in a declaratory judgment coverage action. Quote, we note that many of Lloyd's and Holland's arguments, that's the insurance companies, based on evidence and facts eventually proven to exclude coverage are irrelevant to the issue of whether the complaint alleged facts sufficient for potential liability. This is at page 1168. An insurer must defend the insured if a claim is potentially covered by a policy. The insurer's duty to defend is broader than its potential duty to indemnify. Under Washington law, which governs this case, the interpretation of a term in an insurance contract is treated as a question of law, so is whether the complaint has alleged facts, which could give rise possibly to coverage. That's a question of law, too. But once the insurance company comes forth with evidence that shows a lack of coverage, can you then still rely on a complaint that doesn't have specifics in it? Yes. That's exactly what Baugh holds. It's exactly what Baugh holds. Baugh Construction v. Mission Insurance, 9th Circuit, 1988, Interpreting Washington Law. You know, we make mistakes about Washington law all the time. Well, then DeWitt Construction v. Charter Oak Fire, 2002, 9th Circuit, page 1137, 307F3 at 1137. Under Washington law, the duty to defend and the duty to indemnify are separate obligations. We don't disagree with that. The distinction is when the insurance company is making the determination versus when you're in court and the court is making the determination. And DeWitt Construction is a declaratory judgment action in court. The court is assessing whether there's a duty to defend. The 9th Circuit says, because we have concluded that at least some of the claims tendered to travelers by DeWitt involved property damage within the scope of the policies that is not clearly excluded from coverage, travelers did have a duty to defend. But they may be looking at evidence outside the record. Right above that, they say to determine whether a duty to defend exists, we examine whether the allegations for coverage are conceivably within the terms of the policy. Right above that. But to determine that, you can look at other evidence to make that determination. In other states' law, some states allow you to do that on the duty to defend. Washington does not. Oregon only allows you to look at the allegations of the complaint. You know, this sentence from, again, where truck exchange may be sort of the foundation case, and maybe Washington law, Washington Supreme Court may have made a mistake with its own law, but, I mean, here it is. And this is the sentence read to us a moment ago by your adversary. This is the Supreme Court, Washington Supreme Court talking. In short, the applicability of this exclusion, that is to say the claim of exclusion in the policy, requires looking beyond the complaint and examining the facts. Which truck insurance, the insurer, could have done under reservation of rights defense and timely declaratory judgment action but did not do. That seems to me to say that if the insurance company says, listen, the complaint is broad enough to include a duty to defend. But the actual facts aren't there. And what you do is you bring a declaratory judgment action where you put the facts in issue, and once you do that, then you figure it out. Are you citing truck insurance? I just read you a sentence out of truck insurance. What page is that, Your Honor? It's on 58P3, 283, the runover sentence, runover paragraph from the previous page, the last sentence in that paragraph. I've got 282. Okay, I'm on page 283. The paragraph that runs over from the bottom of 282 to the top of 283, it's the last sentence in that runover paragraph. And it starts about seven lines up from the end of the paragraph. In short, the applicability. Well, they say, however, reading the complaint on its face, damage to the customer's property could be physical, and thus the impaired property exclusion would not apply. Right, and I'm reading the sentence that follows. As I read that sentence, it says, if there's a fight over the facts and the insurance company says we don't have a duty to defend once you understand what the facts are, it can bring a declaratory judgment action and sort out the facts, which in this case, poor old truck insurance didn't do it. But it sounds as though the insurance company in this case did do it. I think they're meaning you could do that in a duty to indemnify situation, but not in the duty to defend. Okay. Well, I think we've heard both sides out. We appreciate your arguments, and we thank you, Your Honor. Thank you very much.
judges: Gonzalez, Fletcher W. , Rawlinson